**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| BRENDA RUSSELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security )<br>)<br>Defendant. ) | No. 09 C 5702<br><br>Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brenda Russell appealed to this court from the denial of her application for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Act. Her appeal was successful; on February 24, 2012, this court entered an opinion reversing and remanding the administration's decision. Plaintiff now seeks to recover a total of $10,766.75 in attorney's fees and $385.93 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant Michael Astrue, Commissioner of Social Security ("Commissioner") does not object to an award of fees, but disputes the amount sought on the grounds that (1) the hourly rate requested by Plaintiff is above the ceiling set by the Act; and (2) Plaintiff has not shown that the resulting fee is reasonable. Defendant also objects to Russell's request that any fee award be made payable directly to her attorney, rather than to Plaintiff herself. For the following reasons, Plaintiff's Motion for Attorney's Fees [26] is granted.

### I.  Propriety of Fee Award

To recover fees under the EAJA, a litigant must establish that (1) she is a "prevailing party," (2) the government's position was not "substantially justified," (3) there exists no special circumstances that would make an award unjust, and (4) she filed a timely application with the district court. 28 U.S.C. §§ 2412(d)(1)(A)-(B). Costs are also recoverable under 28 U.S.C.

§ 2412(a)(1). The Commissioner does not dispute that Plaintiff has satisfied the above requirements and is entitled to an award of fees and costs in this case.

## II. Reasonable Hours and Hourly Rate

Plaintiff submitted an "EAJA Itemization of Time" (EAJA Itemization of Time, Ex. C to Pl.'s Mot. for Fees), showing that her attorney devoted a total 60.6 hours to this case, including 2.5 hours preparing the fee petition (Pl.'s Mot. for Fees ¶ 13; EAJA Itemization of Time at 2), and 2.7 hours preparing Plaintiff's reply brief. (Pl.'s Reply [33] at 16.) Counsel's legal assistants worked a total of 2.5 hours. (Pl.'s Mot. for Fees ¶ 13.) Plaintiff's counsel seeks an attorney's rate of $173.75 per hour, based on the Consumer Price Index ("CPI") as measured by the U.S. Department of Labor's Bureau of Labor Statistics for December 2009, the month when the majority of legal work was performed by counsel in this claim. (*Id.*) Plaintiff also seeks $95 per hour for the work performed by her counsel's legal assistants and $385.93 in costs. (*Id.*) The total request is for $10,766.65 ($10,529.25 in attorney fees and $237.50 in legal assistant fees). (Pl.'s Reply at 16-17.)

Defendant does not object to the number of hours claimed by Plaintiff's attorney or the legal assistants, nor does the Commissioner challenge the $95 hourly rate requested for the legal assistants' work or the amount of costs sought. The Commissioner's only objection is to the $173.75 hourly rate requested by Plaintiff's counsel. (Def.'s Resp. [32] at 2-6.) Defendant argues that this rate is excessive under the EAJA, which generally limits fees to $125 per hour. (*Id.* at 2 (citing 28 U.S.C. § 2412(d)(2)(A)(ii)).) Specifically, the EAJA establishes the method for determining attorneys' fees as follows:

> "The amount of fees awarded . . . shall be based upon prevailing market rates . . . [,] except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living [since the 1996 amendments to the Act] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

28 U.S.C. § 2412(d)(2)(A)(ii).

The Seventh Circuit interpreted this language in *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011). In *Mathews-Sheets*, the Seventh Circuit found that the EAJA does not automatically entitle an attorney to an inflation adjustment and one is not presumed even though the $125 cap rate was set in March 1996. The *Mathews-Sheets* court stated that "[i]nflation affects different markets, and different costs in the same market, in different ways," *id.* at 563, and a lawyer seeking an adjustment because of an increase in the cost of living must show that "inflation has increased the cost of providing adequate legal service to the person seeking relief against the government." *Id.* As Defendant would have it, the *Mathews-Sheets* decision means that no plaintiff can recover fees in excess of $125 per hour under the EAJA, unless she can show that no attorney in the Chicago area would be willing and available to competently handle the Plaintiff's appeal for an hourly rate less than that sought by her counsel (here, $173.75 per hour). (Def.'s Resp. at 3 (citing *Mathews-Sheets*, 653 F.3d at 565).)

Although the Commissioner has repeatedly so argued, the majority of courts in this Circuit have rejected Defendant's interpretation of *Mathews-Sheets.* Courts have held, instead, that an increase in the hourly rate may be warranted on the basis of increases in the attorney's costs or the fees the attorney charges. *See Griffin v. Astrue*, No. 11 C 5091, 2013 WL 616944, at *4 (N.D. Ill. July 23, 2013) (citing cases); *Carson v. Astrue*, No. 11 C 0636, 2012 WL 3562771, at *2 (S.D. Ill. Aug. 17, 2012) (rejecting the Commissioner's reading of *Mathews-Sheets* and granting an adjustment based on the attorney's representation that his costs had risen); *Just v. Astrue*, No. 11 C 1856, 2012 WL 2780142, at *2 (N.D. Ill. Jul. 9, 2012) ("it is more likely that *Mathews-Sheets* only requires that a claimant present evidence showing a general increase in attorneys' fees in the relevant geographical area due to inflation, such that the legal market should not sustain an hourly rate of $125"); *Shipley v. Astrue*, No. 10 C 1311, 2012 WL 1898867, at *3 (S.D. Ind. May 23, 2012) ("[t]his court does not read *Mathews-Sheets* to limit the availability of a fee higher than $125 based on an increase in the cost of living since 1996 only where the lawyer can prove that qualified attorneys would not otherwise be available.").

As this court's colleagues have done, the court interprets Congress's use of the disjunctive "or" as a signal that inflation and the limited availability of competent attorneys (a "special factor") are alternate routes to an enhanced hourly rate. *See, e.g., Mireles v. Astrue*, No. 10 C 6947, 2012 WL 4853065, at *2 (N.D. Ill. Oct. 11, 2012) (citing 28 U.S.C. § 2412(d)(2)(A)). Therefore, when seeking a fee award at an hourly rate higher than $125, based on an increase in the cost of living due to inflation, a litigant need only establish two things: "(1) that the cost of living in the region has indeed increased to the degree of her requested adjustment, and (2) that her attorney's costs of providing legal services have increased in a manner that tends to show that inflation has indeed raised those costs." *Id.*

Like other lawyers who have successfully requested a higher hourly rate, Russell's attorney here has explained the increase in his hourly rate from $125 to $173.75 by relying on the CPI. (Pl.'s Mot. for Fees ¶ 13.) Specifically, Plaintiff's counsel determined the hourly rate of $173.75 based on the change in the cost of living from March 1996 (the base rate mentioned in the Act), through December 2009 (the month in which the majority of relevant legal work was performed).[1] (*Id.*) Plaintiff's calculation relies on CPI data for all urban consumers[2] ("CPI-U"), an index this court has previously approved for the purposes of showing that the cost of living in this region has increased to the degree of the requested adjustment to the hourly rate under the EAJA. *See e.g., Cobb v. Colvin*, No. 11 CV 8847, 2013 WL 1787494, at *2 (N.D. Ill. April 25, 2013) (approving fee calculation of $184.75 per hour based on the CPI-U).

Despite Plaintiff's calculations, which are based on standards that are well recognized in

---

[1] This figure is calculated as follows: $125 x (1 + (215.9/155.7)/155.7).

[2] The court notes that Plaintiff's calculations do not match the CPI data included as an exhibit to her motion for fees. Based on independent research, however, the court has determined that Russell mistakenly attached regional CPI data for the Chicago-Gary-Kenosha area, but performed her calculations based on the national urban consumer average (i.e., CPI-U). The relevant CPI-U data is available on the Bureau of Labor and Statistics website. *See CPI Detailed Report: Data for December 2011*, BUREAU OF LABOR AND STATISTICS, 74, http://www.bls.gov/cpi/cpid1112.pdf (last visited March 31, 2014).

this circuit, the Commissioner argues that she has not done enough to justify her requested fee adjustment. To support this proposition, Defendant cites to *Oatis v. Astrue*, a case involving the same plaintiff's counsel as here, in which counsel's award was limited to the $125 per hour cap. No. 10 CV-6043, 2012 WL 965104 (N.D. Ill. Mar. 20, 2012). As Plaintiff points out, however, counsel in *Oatis* failed to make "even a minimal effort to show that the cost-of-living factor warrants an increase[d] award consistent with the requirement set forth in *Mathews-Sheets*." (Pl.'s Reply at 6-7 (quoting *Oatis*, 2012 WL 965104, at *1).) In this case, in contrast, counsel has provided significant documentation to justify an enhanced hourly fee: (1) he has attached affidavits of other practicing Social Security attorneys whose hourly rates for comparable work range from $165 to $500[3] (Kodner Affidavit, Ex. D to Pl.'s Mot. for Fees; Schnaufer Affidavit, Ex. E to *id.*; Daley Decl., Ex. F to *id.*); (2) he asserts that his non-contingency hourly rate has also increased 52% since 1996 (Pl.'s Mot. for Fees ¶ 16(b)); and (3) he notes increases in his costs for office rent (3% annually), employee salaries (5% to legal staff and 3% to 4% for administrative staff annually), health insurance (an increase of at least 100% since 1996), and other costs associated with the practice of law (e.g., legal research and continuing legal education). (*Id.*)

Defendant suggests this is insufficient because Russell has "merely list[ed] increased costs," and has not "show[n] that that the cost increase was due to inflation"; therefore, the Commissioner argues, Plaintiff has failed to establish that the proposed rate is warranted under the EAJA. (Def.'s Resp. at 5.) This argument appears to misconstrue Plaintiff's filings here. Plaintiff's counsel specifically notes that the increase in rent does not take into consideration a move to a larger office, only increases charged by the landlords. (Pl.'s Mot. for Fees ¶ 16(b).)

---

[3] Defendant argues that these affidavits should be disregarded, as two of the three were also attached to counsel's motion for fees in *Oatis*. (Def.'s Resp. at 4.) Although this is true, the *Oatis* court made no mention of the affidavits and, as Defendant himself points out, one of the three was not included in the previous motion. Notably, these three affidavits were also attached to counsel's motion in *Griffin v. Astrue* and the court authorized the enhanced fee award in that case.

5

Plaintiff's counsel also notes that increases in staff salaries are related only to the necessities of keeping pace with salaries paid by competing law firms, and that the increase in health insurance costs is a direct result of increased premiums. (*Id.*)

For these reasons, Plaintiff has shown that an increase in the cost of living justifies a fee of $173.75 per hour.

## III.   To Whom Fees Are Payable

The last issue is whether the Commissioner should make the EAJA award payable to Plaintiff or to her attorney. Defendant argues, without citing any authority, that any fee award "must be made payable to Plaintiff, but may be mailed to Plaintiff at the address of her attorney." (Def.'s Resp. at 1.) Although the Supreme Court held in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States," the Seventh Circuit has interpreted *Ratliff* to hold that "if there is an assignment [by the litigant of a prospective fee award to his attorney], the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer." *Mathews-Sheets*, 653 F.3d at 565. The court went on to explain that if "[t]here is no indication of that in this case, to ignore the assignment and order the fee paid to her would just create a potential collection problem for the lawyer." *Id.* There is no indication of debt in this case. The court, therefore, grants Plaintiff's request that the EAJA fees awarded be made payable directly to her attorney, pursuant to the assignment of fees set forth in Plaintiff's fee agreement with her counsel.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for an award of fees and costs [26] is granted. Plaintiff is to be awarded $10,766.75 in fees and $385.93 in costs, made payable directly to her attorney.

ENTER:

Dated: March 31, 2014

REBECCA R. PALLMEYER
United States District Judge